Filed by MM   D.C.

ELECTRONIC

**July 29, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

## 09-CV-61145-Cooke/Bandstra

SAMANTHA T. DECENZO,

     Plaintiff,

vs.

HILLSTONE RESTAURANT GROUP, INC.,
d/b/a HOUSTON'S, a foreign corporation,

     Defendant.

_____/

## NOTICE OF REMOVAL TO THE
## UNITED STATES DISTRICT COURT

The defendant, HILLSTONE RESTAURANT GROUP, INC., doing business as

HOUSTON's, a Delaware corporation, by and through the undersigned counsel, hereby files this,

their Notice of Removal of the above-styled cause pursuant to 28 U.S.C. § 1332 and 28 U.S.C. §

1446 from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County,

Florida to the United States District Court, Southern District of Florida, Ft. Lauderdale Division,

in which this action is pending, and, in support of the removal would show the court the

following:

     1.     Written notice of the Filing of this Notice of Removal on this date has been given

to the Plaintiff, Samantha T. Decenzo, and her attorney, William M. Julien, Esq., The Milan,

Suite 550, 1675 North Military Trail, Boca Raton, FL 33486.

     2.     A copy of this Notice has, this date, been filed with the Clerk of the Circuit Court

of the Seventeenth Judicial Circuit in and for Broward County, Florida.

Case No.

3. The defendant files with this Notice true and correct copies of all pleadings and discovery filed in the above-captioned State action. The copies are attached as composite Exhibit "A" to this notice.

4. The plaintiff filed in this action in State Court as Case No. 09–09037570 (13) in the Seventeenth Judicial Circuit Court in and for Broward County, Florida.

5. The instant suit is one in which the United States District Court has original jurisdiction since it involves a controversy exclusively between citizens of different states and since the matter in controversy exceeds the sum of Seventy-five Thousand Dollars ($75,000), exclusive of interest and costs, pursuant to 28 U.S.C. § 1332.

6. This Notice of Removal was filed within thirty days (30) of the defendant's first knowledge that the case is one which is removable, pursuant to 28 U.S.C. § 1446 (b).

7. The amount in controversy sought in this case is in excess of $75,000.00, exclusive of interest and costs.

8. At the commencement of this action, at the time of the filing of this Notice of Removal, and at all times relevant hereto, Plaintiff, Samantha T. Decenzo, was a citizen of the State of Florida, with her place of residence in Florida, and was otherwise subject to the jurisdiction of this court.

9. At the commencement of this action, at the time of the filing of this Notice of Removal, and at all times relevant hereto, Defendant, HILLSTONE doing business as Houston's, was incorporated in the state of Delaware with its principal places of business located in the state of Georgia.

10. As such, there is a complete diversity of citizenship of the parties to this action.

18414841v1 902395 71252

Case No.

11.    The undersigned certifies that the defendant, HILLSTONE doing business as Houston's, has consented to the removal of this action from the Seventeenth Judicial Circuit Court of Broward County, Florida to the United States District Court, Southern District, Fort Lauderdale, and further certifies that no other defendants have been named in this action.

## I.    MEMORANDUM OF LAW AND ARGUMENT

### A)    Amount in Controversy

The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28. U.S.C. § 1332.  The Complaint alleges that Plaintiff seeks damages in excess of the Florida circuit court jurisdictional minimum, but "less than $75,000, exclusive of attorney's fees and costs." (Compl. at ¶ 1).  While it is true that Plaintiff has alleged that if she were completely successful she would recover no more than $74,999.99 in damages, this Court's jurisdictional minimum is satisfied because Plaintiff also requested attorney's fees, and it is a virtual certainty that her attorney's fees reasonably incurred in prosecuting her claims will exceed one-cent ($0.01), and thus the total amount in controversy "exceeds the sum of $75,000, exclusive of interest and costs." 28. U.S.C. § 1332(a).

### B)    Consideration of Attorney's Fees Demonstrates the Amount in Controversy Exceeds this Court's Jurisdictional Minimum Amount of Greater than $75,000

"The Supreme Court has held that '[w]here both actual and punitive damages are recoverable under a complaint[,] each must be considered  in determining jurisdictional amount.'"[1] *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1295 (11th Cir 1999) ("*Cohen I*")

---

[1] Plaintiff may point to paragraph two of its Complaint, which states "Plaintiff is seeking less than a total of $15,000 total for all lost wages, front, and back pack," as evidence that the amount in controversy is not met.  If so, this argument would be without merit, as Plaintiff's Complaint delineates back and front pay as separate parts of its damages, in addition to "compensatory damages, mental anguish, loss of dignity, lost benefits, and punitive damages." (*See* Compl. at "Wherefore" clauses of Counts I & II, pp. 11 & 13).  Given that § 760.11(5), Florida.

3

(quoting *Bell v. Preferred Life Assurance Soc'y of Montgomery, Ala.*, 320 U.S 238, 240 (1943),

*vacated on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) ("*Cohen

II*")).   When determining whether the minimum amount in controversy is satisfied, this Court

must assume that the Plaintiff's counsel correctly valued her case and that if she were to succeed

she would be awarded damages at least "to the [full] extent claimed." *Cohen I*, 184 F.3d at 1295.

Thus, in this instance the Court must assume Plaintiff will be awarded $74,999.99 in damages if

successful.   If this Court were to only consider the damages, the amount in controversy would

appear to be one-cent short of the jurisdictional minimum.

However, both the United States Supreme Court and the Eleventh Circuit Court of

Appeals have commanded that when determining whether the minimum amount in controversy

is satisfied in a diversity case where statutory attorney's fees are available, "the amount in

controversy includes consideration of the amount of those fees." *Cohen II*, 204 F.3d at 1079

(citing *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *Premier Indus. Corp. v. Texas

Indus. Fastener Co.* 450 F.2d 444, 447 (5th Cir. 1971)).   As Plaintiff has requested attorney's

fees on top of and in addition to his damages, this Court must assume that if Plaintiff were fully

successful in recovering on her claims, Plaintiff would be awarded reasonable attorney's fees

*plus* $74,999.99, in damages.   (*See* Compl. at "Wherefore" clauses of Counts I & II, pp. 11 &

13).   *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 165 (11th Cir. 2002) ("When a statute

authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the

amount in controversy").

§ 760.11(5), Florida. Statues. (2008) states that "[i]t is the intent of the legislature that

this provision for attorney's fees be interpreted in a manner consistent with federal case law

---

Statues. (2008), provides alone for up to $100,000, in punitive damages, on its face Plaintiff's complaint

18414841v1 902395 71252

involving a Title VII action.  In determining an attorney's fee award in Title VII cases, the Eleventh Circuit directs courts to "multiply hours reasonably expended by a reasonable hourly rate" *Norman v. Hous. Auth. Of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). While at this stage in the proceedings it is difficult to say precisely what Plaintiff's attorney's fees will be, it is clear that her fees will certainly be greater than one-cent, which when combined with Plaintiff's alleged damages is all that is necessary to meet the jurisdictional minimum of this Court.  There is simply no plausible scenario in which Plaintiff could be fully successful but be awarded less than two-cents in attorney's fees.  *See Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1544 (11th Cir 1985) ("'A fee *must* be assessed which will serve the deterrent purpose of the [Title VII] statute'") (emphasis added);  *Andrews v. Drew Mun. Separate Sch. Dist.*, 507 F.2d 611, 617 n. 7 (5th Cir. 1975) (stating that the court would have reversed refusal to award attorney's fees to prevailing civil rights plaintiffs had they alleged a violation of Title VII).

Defendant believes it is beyond dispute that Plaintiff's attorney's fees will exceed one-cent if she were successful, but as further evidence Defendant points to the recent case of *St. Fleur v. City of Fort Lauderdale*, 149 F. App'x 849, 853 (11th Cir. 2005).  In *St. Fleur*, the Eleventh Circuit held that in a case involving "'issues of low to moderate complexity with no novel issues of law'" also venued in the Southern District of Florida, Fort Lauderdale Division, $250 per hour was a reasonable rate for an experienced plaintiff's employment discrimination trial lawyer and $135 per hour for associates.  There is simply no doubt that if Plaintiff were to succeed on her claims, she would be entitled to attorney's fees well in excess of one-cent.

---

demonstrates that if she were to be fully successful she would be awarded the full $74,999.99 in damages demanded.

18414841v1 902395 71252

Case No.

Consequently, the amount of damages and attorney's fees plead on the face of Plaintiff's Complaint exceeds $75,000, and the jurisdictional minimum is satisfied.

C)      *The Line of Cases Exemplified by Burns v. Windsor Insurance Company is Entirely Consistent with this Court Granting Defendant's Removal Petition*

Defendant is aware of the authority emphasizing the plaintiff's attorney's role as an "officer of the court" and "presume[ing] that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097, 1095 (11th Cir. 1994). Defendant also concedes that where a Plaintiff specifically alleges less than the jurisdictional amount, a removing "defendant must prove to a legal certainty that plaintiff's counsel" "is falsely assessing the case or is incompetently doing so" *Id.* This line of authority, however, is completely consistent with removal in this instance. Unlike in *Burns* and other similar cases, Defendant is not asking this Court to disregard Plaintiff's damages allegations. In paragraph one of her Complaint Plaintiff clearly made the choice to seek an indeterminate amount of attorney's fees on top of the $74,999.99 in damages. For purposes of this Notice only, Defendant is not disputing that if Plaintiff were fully successful she would be entitled to $74,999.99 in damages. Defendant is merely asking the Court to add reasonable attorney's fees as is proper in calculating the minimum amount in controversy. Under no plausible scenario could attorney's fees amount to less than the more than two-cents necessary to reach the minimum amount in controversy, as a "reasonable amount" would obviously exceed one-cent in light of cases such as *St. Fleur*, 149 F. App'x at 853. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 165 (11th Cir. 2002).

6

Case No.

Because Plaintiff asked for an indeterminate amount of attorney's fees, this Court need only consider whether there is a preponderance of the evidence supporting Defendant's contention that when a reasonable amount of attorney's fees are included "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28. U.S.C. § 1332. *See also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement"). Plaintiff's demonstration that the Eleventh Circuit has held $250 per hour to be a reasonable fee in a non-complex employment discrimination case, combined with the practical impossibility that Plaintiff will be awarded less than two-cents in attorney's fees if she were successful, meets Defendant's burden.

18414841v1 902395 71252

Case No.

WHEREFORE, Defendant Hillstone Restaurant Group, Inc., hereby removes this matter

from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida,

to the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

Dated: July 29, 2009

Respectfully submitted,

Cheryl L. Wilke
Fla. Bar No.: 893780
cwilke@hinshawlaw.com
Daniel A. Krawiec
Fla. Bar No.: 59136
dkrawiec@hinshawlaw.com
Hinshaw & Culbertson LLP
One East Broward Boulevard
Suite 1010
Ft. Lauderdale, Florida 33301
Tel. No. 954-467-7900
Fax No. 954-467-1024

8

Case No.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 29, 2009, a true a correct copy of the above was

mailed to:   William M. Julien, Esquire, 1675 North Military Trail, Suite 550, Boca Raton,

Florida  33486

_____
Cheryl L. Wilke

9

18414841v1  902395  71252

Case No.

## <u>SERVICE LIST</u>

**United States District Court, Southern District of Florida**

William M. Julien, Esquire
1675 North Military Trail, Suite 550
Boca Raton, Florida  33486

18414841v1  902395  71252

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.:

**09 0 3 7 5 7 0**

SAMANTHA T. DECENZO,

     Plaintiff,

v.

HILLSTONE RESTAURANT GROUP, INC.
d/b/a HOUSTON'S, a foreign corporation,

     Defendant.

_____/

**13**

A TRUE COPY

JUL 07 2009

HOWARD C. FORMAN
CLERK OF CIRCUIT COURT
BROWARD COUNTY

## COMPLAINT

Plaintiff, SAMANTHA T. DECENZO (hereinafter referred to as "Plaintiff" or "Ms. Decenzo") serves this Complaint against Defendant (hereinafter referred to as the "Defendant" or "HILLSTONE"), and states as follows:

### JURISDICTIONAL ALLEGATIONS

1.    This is an action for monetary damages in excess of $15,000, but less than $75,000, exclusive of attorney fees and costs.

2.    Plaintiff is seeking less than a total of $15,000 total for all lost wages, front and back pay.

3.    Plaintiff, Ms. Decenzo is *sui juris* and at all material times hereto is a resident of and was employed by Defendant in Broward County, Florida.

4.    At all material times hereto, HILLSTONE has been conducting business in Broward County, Florida, and is subject to the personal jurisdiction and venue of this Court.

5.     Various material transactions and occurrences on which this action is based took place in Broward County, Florida.

6.     This Court has jurisdiction and venue over all causes of action including pursuant to §48.193; 47.011; 47.021; 47.041; 47.051; and/or 760.11, Fla. Stat.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

7.     All conditions precedent to this action have been performed or waived.

8.     Plaintiff's damages include, but are not limited to, lost income, lost benefits and/or diminished income potential, psychological and emotional distress, pain and suffering, and mental anguish.

9.     Plaintiff as handicapped/disabled worker belonged/belongs to a protected class.

10.     HILLSTONE knew/knows Plaintiff had a history or record of being disabled and/or was perceived to be disabled.

11.     During Plaintiff's employment with HILLSTONE, and on the premises of HILLSTONE, Plaintiff was subjected to various discriminatory and improper acts directed toward her as a result of having depression/anxiety disorder/panic attacks and related conditions and being handicapped/ disabled and/or being perceived as handicapped/disabled and/or having a record of handicap/disability including, but not limited to, the acts described below:

A.     Ms. Decenzo was hired in February, 2003, by HILLSTONE and worked as a waitress at Houston's in Pompano Beach, Florida.

B.     On or about April 11, 2007 Ms. Decenzo suffered a panic attack while

2

working at Houston's.

C.      After this she attempted to provide management her medical and doctor notes, requesting accommodations.

D.      In retaliation for her panic attack and requesting accommodations, Ms. Decenzo was terminated on April 17, 2007.

E.      Prior to her anxienty/panic attack on April 11, 2007, employees and management at Houston's were aware that she had anxiety disorder and depression.

F.      Ms. Decenzo had been prescribed various anti-depressants and anti-anxiety medications.

G.      When management at Houston's found out about this, management began spreading rumors about Ms. Decenzo, including that she was on cocaine, that she had an eating disorder, that her blood sugar was too low, and that her anxiety was due to a caffeine supplement.

H.      Other employees would accuse and tease Ms. Decenzo about being anorexic. This included the general manager accusing her of not eating because she had the anxiety attack.

I.      On one occasion in April, 2007, management reluctantly allowed Ms. Decenzo to go to the pharmacy to pick up medications.

J.      When she returned, employees were asking her to share her valium with them.

K.      Managers at Houston's discussed that they could not allow Ms. Decenzo's behavior (anxiety symptoms) at the restaurant.

3

L.      When Ms. Decenzo's severe depression and panic attacks were exacerbated, she called into work and stated that she was not capable of working a double shift.

M.      Management told her that this was not an option and she had to report despite her panic attack(s).

N.      When Ms. Decenzo offered to provide her doctor's notes to the managers, they would not accept them

O.      Management told Ms. Decenzo that she was being over-dramatic and there was nothing wrong with her, and it was upsetting other employees.

P.      On the day of her termination, Ms. Decenzo was told that Houston's was sympathetic with her medical condition and requests for an accommodation but that was not the reason for her termination.

Q.      The alleged reason for Ms. Decenzo's termination was because of an alleged complaint from a restaurant guest.

R.      After panic attack(s), Ms. Decenzo was forced to come into work even though she advised them that it would be difficult.

S.      Ms. Decenzo would ask if she could work in a less busy wait-station. She was refused that accommodation.

T.      The day she was fired was after she had told management that an ambulance had come to her house for a panic/anxiety attack.

U.      Managers/employees would make comments, teasing Ms. Decenzo because of her depression, including asking her what kind of drugs she was on today, and other

4

offensive comments.

V.     When Plaintiff's mother went into Houston's to explain why Ms. Decenzo was not at work because of her depression/anxiety, she tried to provide management with a copy of Ms. Decenzo's doctor's note.

W.     The managers at Houston's said, "We're not going to deal with her drama. We're not going to deal with any of her issues."

X.     HILLSTONE has refused to provide Ms. Decenzo any reasonable accommodations.

Y.     Ms. Decenzo submitted to HILLSTONE her medical records which advised HILLSTONE her medical restrictions and `providing what her job restrictions were.

Z.     HILLSTONE refused to allow Ms. Decenzo to return to work.

AA.   Ms. Decenzo was terminated for pretexual reasons on April 17, 2007.

BB.   Ms. Decenzo has attempted to return to work with or without reasonable accommodations.

CC.   HILLSTONE has refused to reinstate Ms. Decenzo to any position consistent with her medical restrictions and abilities.

12.   Plaintiff was qualified for numerous positions at HILLSTONE, including within her medical limitations.

13.   HILLSTONE discriminated and retaliated against Plaintiff because of her disabilities, history of disability and/or because HILLSTONE regarded her as disabled, in violation of the Florida Civil rights Act, by treating her differently and less favorably than

5

others without disabilities in the terms and conditions, rights and privileges of employment, including by not providing her any reasonable accommodations.

14.     HILLSTONE was aware of Plaintiff's conditions, medical visits, and/or the medical work restrictions.

15.     In response to Plaintiff's requests for reasonable accommodations, she was retaliated against and terminated.

16.     At no time did HILLSTONE inquire as to what reasonable accommodations could be afforded to Plaintiff, including but not limited to: time off; offering other positions; modified work schedules, duties, or restructuring; or, having other employees perform nonessential duties of Plaintiff's job.

17.     HILLSTONE did nothing to engage in any interactive process or investigation into Plaintiff's requests for reasonable accommodations.

18.     HILLSTONE did not speak to Plaintiff or her doctors.

19.     Any reasonable accommodations could have been implemented by HILLSTONE without undue hardship.

20.     Plaintiff at all times was an excellent worker and performed her job to and above HILLSTONE requirements.

21.     Plaintiff has made valid workers' compensation claim(s) for the above injuries.

22.     Plaintiff at all times could perform the essential functions of her job with or without reasonable accommodations.

23.     Plaintiff complained to HILLSTONE about the above conduct and not being

6

allowed to return to work.

24.    Plaintiff was retaliated against for complaining and/or for requesting reasonable accommodation(s).

25.    HILLSTONE, through its agents/officers/employees, at all material times had actual or constructive knowledge of all improper actions alleged in this Complaint.

26.    HILLSTONE took no remedial action, or inadequate remedial action, regarding the above improper conduct.

27.    All improper actions toward Plaintiff were within the course and scope of, or incident to, employment by HILLSTONE.

28.    All improper actions toward Plaintiff by HILLSTONE managers and/or other agents, officers, and employees of HILLSTONE, were done with the purpose of furthering a purpose or interest of HILLSTONE.

29.    HILLSTONE managers were assisted in accomplishing their discriminatory (violating the Florida Civil Rights Act ) conduct by the existence of the employer/ employee or agency relation.

30.    All improper actions toward Plaintiff by HILLSTONE managers were subsequently approved/ratified by HILLSTONE.

31.    The improper actions by HILLSTONE managers committed against Plaintiff would not have been possible were it not for the authority vested in them by HILLSTONE, or such authority facilitated the improper conduct.

32.    At all material times hereto, the improper conduct occurred at HILLSTONE's

workplace or while conducting HILLSTONE's business.

33.     At all material times hereto, the improper conduct was directed only toward Plaintiff and/or other handicapped/disabled employees.

34.     At all material times hereto, non handicapped/disabled employees were not subject to the same discriminatory, tortuous conduct.

35.     HILLSTONE through its agents, officers, and owners, at all material times had actual or constructive knowledge of the improper conduct, transactions, and occurrences by its employees but took no remedial action or inadequate remedial action.

36.     HILLSTONE's manager(s) described above are high ranking management level and/or policy-making employees who had actual knowledge of and participated in the discriminatory, retaliatory conduct directed against Plaintiff.

37.     HILLSTONE's manager(s) described above had the stature and authority to exercise control, discretion, and independent judgement over the hiring and firing of employees including Plaintiff.

38.     As managing agents of HILLSTONE, HILLSTONE's managers' actions are the proxy of HILLSTONE and impute direct liability for/to HILLSTONE.

39.     Plaintiff rejected and complained about the above described conduct.

40.     Plaintiff suffered damages as a direct and proximate result of the conduct alleged in this Complaint.

41.     Plaintiffs have complied with all requirements of Chapter 760, Fla. Stat.

8

## COUNT ONE
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992,
## CHAPTER 760, FLA. STAT.
## HANDICAP/DISABILITY DISCRIMINATION

42.     Plaintiff restates and realleges Paragraphs 1 through 52, inclusive, as if fully set forth herein.

43.     At all material times hereto, Plaintiff, as a handicapped/disabled employee, has belonged to a protected group within Section 760.10, Fla. Stat.

44.     At all material times hereto, HILLSTONE was Plaintiff's employer under Section 760.02, Fla. Stat.

45.     At all material times, Plaintiff's impairments were disabling.

46.     At all material times hereto, Plaintiff's impairments substantially limited one or more major life activities of Plaintiff.

47.     At all material times, Plaintiff was handicapped/disabled under the law and/or HILLSTONE perceived her as disabled, and/or Plaintiff had a record of disability.

48.     At all material times, Plaintiff was a qualified individual for her position apart from her handicaps/disabilities.

49.     Despite her handicaps/disabilities, Plaintiff was able to perform the essential functions of her job, with or without reasonable accommodations.

50.     Any reasonable accommodation could have been provided to Plaintiff by HILLSTONE without undue hardship.

51.     Plaintiff requested the reasonable accommodation that she be able to work

9

within her medical restrictions.

52.     Plaintiff suffered an adverse job action as a result of her handicaps/disabilities. Despite her ability to perform the essential functions of her job, Ms. Decenzo was terminated.

53.     Plaintiff was discriminated against by HILLSTONE based on her handicaps/disabilities, perceived handicaps/disabilities, and/or record of impairment.

54.     Said discrimination was based on a discriminatory motive or purpose by HILLSTONE.

55.     HILLSTONE deprived Plaintiff of reasonable accommodations and employment opportunities based on her handicaps/disabilities.

56.     The aforementioned discrimination by HILLSTONE was based on Plaintiff's handicaps/disabilities and/or perceived handicaps/disabilities.

57.     Plaintiff exhausted all administrative remedies.

58.     Plaintiff filed a timely complaint with the Florida Commission on Human Relations and 180 days have passed since the filing of the charge with no findings.

59.     A true correct and authentic copy of Plaintiff's charge of discrimination is attached hereto as Plaintiff's Exhibit "A."

60.     Plaintiff has retained legal counsel to represent her in this lawsuit and has agreed to pay a reasonable fee.

61.     Plaintiff is entitled to attorney's fees and costs pursuant to Section 760.11, Fla. Stat.

10

62.     The actions of HILLSTONE were so wanton, willful and reckless in such total disregard of the rights of Plaintiff as to require the imposition of punitive/exemplary damages so as to punish HILLSTONE for those actions and to deter HILLSTONE and others from similar actions in the future.

WHEREFORE, Plaintiff seeks her remedies under Chapter 760, Fla. Stat. The Florida Civil Rights Act of 1992, Sections 760.10 and 760.11, Fla. Stat. including back and front pay, compensatory damages, mental anguish, loss of dignity, lost benefits, punitive damages, prejudgment interest, and any other affirmative or equitable relief that the Court deems appropriate, including an award of reasonable attorney fees and court costs.  Plaintiff demands trial by jury of all issues triable as of right.

**COUNT TWO**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992,**
**CHAPTER 760, FLA. STAT.**
**RETALIATION**

63.     Plaintiff restates and realleges paragraphs 1 through 52, inclusive, as if fully set forth herein.

64.     At all material times hereto, Plaintiff, was a handicapped/disabled individual/employee who has belonged to a protected group within Section 760.10, Fla. Stat.

65.     At all material times hereto, HILLSTONE was an employer under Section 760.02, Florida Statutes.

66.     Plaintiff engaged in statutorily protected expression.

67.     Plaintiff suffered an adverse employment action(s).

11

68.   There was a causal connection between Plaintiff's participation in protected expression and the adverse action.

69.   As a direct, legal, and/or proximate cause of the above alleged violations, Plaintiff has suffered damages.

70.   Plaintiff suffered an adverse employment action and was retaliated against and terminated as a direct result of his statutorily protected conduct.

71.   Plaintiff was terminated from her employment with HILLSTONE including on or about April 17, 2007, based upon her handicap/disability/perceived disability/record of disability and in retaliation for her engagement in statutorily protected conduct including her request for reasonable accommodation(s) and/or complaints about the discrimination she was subjected to by HILLSTONE.

72.   Plaintiff filed a timely Charge of Discrimination with the Florida Commission on Human Relations and 180 days have passed since the filing of his Charge with no findings.

73.   Attached as Composite Exhibit "A" are true, correct and authentic copies of Plaintiff's Charge of Discrimination documents.

74.   Plaintiff has retained legal counsel to represent her in this lawsuit and has agreed to pay a reasonable fee.

75.   Plaintiff is entitled to attorney's fees and costs pursuant to Section 760.11, Fla. Stat.

76.   The actions of HILLSTONE were so wanton, willful and reckless in such total

12

disregard of the rights of Plaintiff as to require the imposition of punitive/exemplary damages so as to punish HILLSTONE for those actions and to deter HILLSTONE and others from similar actions in the future.

WHEREFORE, Plaintiff seeks her remedies under Chapter 760, Fla. Stat. The Florida Civil Rights Act of 1992, Sections 760.10 and 760.11, Fla. Stat. including back and front pay, compensatory damages, mental anguish, loss of dignity, lost benefits, punitive damages, prejudgment interest, and any other affirmative or equitable relief that the Court deems appropriate, including an award of reasonable attorney's fees and court costs. Plaintiff demands trial by jury of all issues triable as of right.

## JURY DEMAND

PLAINTIFFS demand trial by jury as to all issues triable as of right by jury.

> WILLIAM M. JULIEN, P.A.
> Attorney for Plaintiff
> The Milan • Suite 550
> 1675 North Military Trail
> Boca Raton, FL 33486
> Tel: (561) 995-9990
> Fax:(561) 995-8103
>
> By:_____
> WILLIAM M. JULIEN
> Florida Bar No. 0003743

13

# WILLIAM M. JULIEN, P.A.
## ATTORNEY AT LAW

ONE PARK PLACE, SUITE 390
621 N.W. 53rd Street
BOCA RATON, FLORIDA 33487
TEL (561)995-9990
FAX(561) 995-8103
attorneyjulien@bellsouth.net
www.attorneyjulien.com

May 29, 2007

*VIA FACSIMILE & CERTIFIED MAIL*

*Fax (305) 808-1855*
Federico Costales/Intake Director
EEOC Miami District Office
One Biscayne Tower
2 S. Biscayne Blvd.; Suite 2700
Miami, FL  33131

*Fax (850) 488-5291*
Intake Department/Director
Florida Commission on Human Relations
2009 Apalachee Parkway, #100
Tallahassee, FL  32301-4830

RE:    **Charging Party:**          **Samantha Decenzo**
       **DOB:**                     **5/27/84**
       **Employer(s):**            **Houston's/Hillstone**

Dear Sir/Madam:

Please be advised that the undersigned represents Ms. Samantha Decenzo.  Enclosed please find a Charge of Discrimination on behalf of Ms. Decenzo.  Please  file this with the EEOC and Florida Commission on Human Relations. Thank you for your courtesy and cooperation. Should you have any questions, please do not hesitate to contact me.

Very truly yours,

WILLIAM M. JULIEN
WMJ/cc

Enclosure
cc: Samantha Decenzo



PLAINTIFF'S EXHIBIT A

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| | |
|---|---|
| X | FEPA |
| X | EEOC |

Florida Commission on Human Relations _____ and EEOC

State or local Agency, if any

NAME(Indicate Mr., Ms., Mrs.)
Ms. Samantha Decenzo

HOME TELEPHONE (Include Area Code)
954-773-4788

STREET ADDRESS
10475 Mateo Court

CITY, STATE AND ZIP CODE
Boca Raton, FL 33498

DATE OF BIRTH
5/27/84

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME
Hillstone Restaurant Group

NUMBER OF EMPLOYEES, MEMBERS
15 +

TELEPHONE (Include Area Code)
310-385-7123

STREET ADDRESS
147 South Beverly Drive

CITY, STATE AND ZIP CODE
Beverly Hills, CA 90212

COUNTY
Broward

NAME
Houston's

TELEPHONE NUMBER (Include Area Code)
954-783-9499

STREET ADDRESS
2821 East Atlantic Boulevard

CITY, STATE AND ZIP CODE
Pompano Beach, FL 33062

COUNTY
Broward

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

| | |
|---|---|
| [ ] | RACE |
| [ ] | COLOR |
| [ ] | SEX |
| [ ] | RELIGION |
| [ ] | AGE |
| [X] | RETALIATION |
| [ ] | NATIONAL ORIGIN |
| [X] | DISABILITY |
| [ ] | OTHER (Specify) |

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)      LATEST (ALL)
                                        4/17/07

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.   **STATEMENT OF PERSONAL HARM:**

I was discriminated against based on my disability/handicap(s) and/or my perceived/record of disability/handicap(s) which include the injuries/conditions such as depression/anxiety/panic attacks and related conditions.
I was discriminated and retaliated against by my manager/owner. I had different terms and conditions of employment than other non-disabled/non-handicapped. I was the victim of disparate impact/intent and/or treatment discrimination/retaliation/harassment based on being handicapped/disabled or being perceived as or having a record of such. When I complained/requested accommodations, I was terminated.

II.  **RESPONDENT'S REASON FOR PERSONAL HARM:**

I was told there was a "guest complaint." This reason was pretextual.

III. **DISCRIMINATION STATEMENT:**

I have been discriminated and/or retaliated against, because of my handicap/disability(s) in violation of the Florida Civil Rights Acts of 1992 as amended, §760.01 - 760.11, Fla. Stat. and the Americans with Disabilities Act, 42 U.S.C. §12101, et. seq.(ADA);

I believe I have been discriminated against for the following reasons, including, but not limited to: I was employed with Houston's/Hillstone and was fired because I was disabled.

At all times I was a qualified individual who could perform the essential functions of my job with or without reasonable accommodations.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
S. DeCenzo

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)
5/25/07

5-25-07
Date

S. DeCenzo
Charging Party (Signature)

William M. Julien
Commission #DD267088
Expires: Nov 13, 2007
Bonded Thru
Atlantic Bonding Co., Inc.

EEOC FORM 5 (10/94)

hp LaserJet *3380*



HP LASERJET FAX
561-995-8103
May-29-2007   5:05PM

---

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 113 | 5/29/2007 | 5:04:37PM | Send | 18504885291 | 0:48 | 2 | OK |

---

**WILLIAM M. JULIEN, P.A.**
ATTORNEY AT LAW

ONE PARK PLACE, SUITE 390
621 N.W. 53rd Street
BOCA RATON, FLORIDA 33487
TEL (561)995-9990
FAX(561) 995-8103
attorneyjulien@bellsouth.net
www.attorneyjulien.com

May 29, 2007

*VIA FACSIMILE & CERTIFIED MAIL*

Fax (305) 808-1855
Federico Costales/Intake Director
EEOC Miami District Office
One Biscayne Tower
2 S. Biscayne Blvd.; Suite 2700

---

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Intake Department/Director
Florida Commission on
Human Relations
2009 Apalachee Parkway, #100
Tallahassee, FL 32301-4830

2. Article Number
*(Transfer from service label)*

7003 0500 0000 7610 6942

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                    □ Agent
                     □ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:         □ No

3. Service Type
   □ Certified Mail   □ Express Mail
   □ Registered       □ Return Receipt for Merchandise
   □ Insured Mail     □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

---

...ecenzo

...illstone

...s Ms. Samantha Decenzo. Enclosed please
... Decenzo. Please file this with the EEOC
...hank you for your courtesy and cooperation.
...esitate to contact me.

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| Postage | $ | .41 |
| Certified Fee | 2.65 | |
| Return Receipt Fee (Endorsement Required) | 2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 5.21 | |

Intake Department / Director
Florida Commission on Human Relations
2009 Apalachee Pky, #100, Tallahassee,FL 32301

PS Form 3800, June 2002          See Reverse for Instructions

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.:

SAMANTHA T. DECENZO,

     Plaintiff,

v.

HILLSTONE RESTAURANT GROUP, INC.
d/b/a HOUSTON'S, a foreign corporation,

     Defendant.

_____/

**09037570**



## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT

    Pursuant to Fla.R.Civ.P. 1.350, Defendant is hereby requested to produce for

inspection and copying the documents requested on the attached pages at a reasonable time,

place and manner as agreed to by the parties within 45 days after service of this Complaint.

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served with

the Complaint on Defendant.

               WILLIAM M. JULIEN, P.A.
               Attorney for Plaintiff
               The Milan - Suite 550
               1675 N. Military Trail
               Boca Raton, FL 33486
               Tel: (561) 995-9999
               Fax:(561) 995-8103
               BY: _____
                   WILLIAM M. JULIEN
                   Florida Bar No.: 0003743

# REQUESTS

## NOTICE

Plaintiff wishes to view the requested discovery documents as they are kept in the ordinary course of business. Plaintiff does not want copies until Plaintiff has had a chance to review the originals or discuss them Defendant. Plaintiff wishes to proceed on this matter pursuant to Fla.R.Civ.P. 1.350(b) and S.D.Fla.L.R.-APPENDIX A.III.B.

## PART 1

1.  The personnel file of Plaintiff.

2.  Documents reflecting job descriptions, titles, and duties of employees at Houston's for the past five years.

3.  Supervisors' manuals, notebooks, employee handbooks, and other written materials referring or relating to policies and programs relating to discrimination, harassment, retaliation and/or improper employee conduct, including employee complaints, policies, procedures and investigations for the past five years.

4.  Correspondence, memoranda, and other documents addressed to or received from Houston's personnel (or employees) which refer or relate to handicap/disability/FMLA/workers' compensation policies and procedures for the past five years.

5.  Documents reflecting the full names, past and present addresses and telephone numbers of all persons employed by Houston's for the past five years.

6.  Written warnings, reprimands or other disciplinary matters issued to Plaintiff during his employment with Houston's.

7.  Written warnings, reprimands and termination notices issued to any employees regarding any discrimination, harassment or retaliation of Houston's for the past five years.

8.  Correspondence and other documents addressed to or received from the Florida Employment Security Commission, the Florida Industrial Commission, Social Security Administration, the Florida Department of Labor, EEOC, Florida

Commission on Human Relations, Palm Beach County OEO, Broward County, or any other federal, state, or local agency relating to Houston's employment of the Plaintiff, or to the claims made by the Plaintiff against Houston's.  This would include Plaintiff's workers' compensation claim.

9.  Documents relating to Plaintiff's discharge/termination/leaves of absence and any investigation by Houston's into Plaintiff's employment, complaints, requests for reasonable accommodations, requests for leave.

10.  Documents reflecting the hierarchy and/or chain of command of Houston's employees including workers, supervisors, managers, human resources personnel, counsel and any other persons who have responsibilities for the development, implementation and/or enforcement of employee practices and procedures relating to discrimination/retaliation of Houston's for the past five years.

11.  Houston's employee employment practices, policies and/or procedures, including relating to workers' compensation, handicaps/disabilities, FMLA, OSHA regulations, discrimination, harassment, retaliation and/or improper conduct for last five years. This includes copies of any posters or notices regarding same.

12.  Complaints or allegations alleging handicap/disability discrimination, workers' compensation retaliation and/or FMLA discrimination or retaliation against Houston's for the past five years.

13.  Documents relating to any reasonable accommodation offered Plaintiff or other employees of Houston's for last five years.

14.  Documents relating to Plaintiff's entitlement to salary, wages, including vacation pay benefits, sick days and any other documents indicating Plaintiff's entitlement to monies or benefits with regard to his employment with Houston's for last five years.

15.  Medical records and documents of Plaintiff including correspondence or communications with same.

16.  Documents relating to Plaintiff's absences from work, including the terms, conditions and termination of same.

17.  Documents directed to Plaintiff from Houston's or to Houston's from Plaintiff.

18.  Documents relating to training of Houston's employees as to any anti-discrimination/retaliation policies for last five years.

19. Documents relating to reasonable accommodations (or requests for same) by Houston's employees for the last five years.

20. Declarations, signed statements, affidavits, or recordings relating to the subject matter of this lawsuit.

21. Documents that state, outline or illustrate the essential functions of the job(s) held by Plaintiff.

22. Documents that show Plaintiff was unable to perform the essential functions of his job.

23. Documents that illustrate the accommodations requested by Plaintiff were unreasonable or would work an undue hardship on Houston's.

24. Documents that relate to the cost of making any accommodation for Plaintiff's limitations including but not limited to estimates, quotes or cost projections.

25. Documents that show Houston's made a reasonable accommodation(s) for Plaintiff's limitations.

26. Plaintiff's entire employment file including, but not limited to, entire personnel file, human resource records, medical records, performance evaluations, disciplinary actions and records of monetary increases or decreases.

27. Manuals, handbooks, policies, procedures, notices, or directives issued by Houston's for the past five years pertaining to: discipline; demotions; transfers; layoffs; and, discharge.

28. Documents, tape recordings, or other writings memorializing or in any way recording or reflecting any words, statements, declarations, conversations or other communications by the Plaintiff or Houston's regarding the Plaintiff's employment relationship with Houston's including any memos pertaining to any meetings, discussions, encounters, and/or conversations, whether private or public, that Houston's or any agents or employees of Houston's had regarding the Plaintiff.

29. Letters, notes, memoranda, or writings of any kind from any person or entity criticizing the work performed by the Plaintiff or criticizing the Plaintiff in any way.

30. Letters, notes, memoranda, or writings of any kind from any person or entity commending, complimenting, or commenting favorably on the work performed by the Plaintiff.

31. The following documents, pleadings and records from any prior cases in which Houston's has been sued based on any alleged handicap/disability discrimination, civil rights violations or FMLA discrimination/ retaliation, workers' compensation retaliation for the past five years limited to the following:

    a.    The Complaint.

    b.    The Answer.

    c.    Copies of all interrogatories directed to Houston's and any co-defendants, and copies of responses thereto.

    d.    Copies of all demands for production of documents directed to Houston's between any co-defendants, and copies of all responses thereto.

    e.    Copies of all requests for admissions directed to Houston's and any co-defendants and copies of all responses thereto.

    f.    Copies of all depositions taken of Houston's employees and former employees in all of said cases.

    g.    Copies of all transcripts of court testimony of Houston's employees and former employees in any of said cases.

    h.    Trial exhibits.

32. The resumes and/or applications of any persons replacing Plaintiff.

33. Documents relating to Plaintiff's claim for disability insurance.

34. Job announcements/postings for the past five years.

36. Documents relating to Plaintiff's application/pursuit of any jobs/transfers for the past three years.

37. Documents exchanged between Plaintiff's medical/healthcare providers and/or disability insurance company.

38. Houston's policies and procedures for employee leaves of absence and/or employee scheduling for the last five years.

39. Minutes or other recordings documents of any Houston's meetings during which Plaintiff was mentioned.

40. Documents between any medical providers of Plaintiff and/or any person involved with the handling of Plaintiff's workers' compensation claim, including but not limited to adjusters, managers, drug testing personnel.

41. Employee claims/notices of injury.

42. Any documents relating to Plaintiff's termination.

43. Documents identifying the number and identity of full and part-time employees who worked for Defendant at Plaintiff's workplace for the last 5 years.

44. Declarations, signed statements, affidavits or recordings relating to the subject matter of this lawsuit.

45. Correspondence, affidavits, position statements and/or other documents addressed to or received from the Florida Employment Security Commission, the Florida Industrial Commission, Social Security Administration, the Florida Department of Labor, the Equal Employment Opportunity Commission, Florida Commission on Human Rights or any other federal, state or local agency relating to claims of handicap/disability discrimination/retaliation for the last 5 years.

46. Documents contemplated to be used in support of any denials or affirmative defenses regarding Plaintiff's Complaint.

47. Documents relating to any investigations by Defendant into any employee complaints of handicap/disability discrimination/retaliation/harassment and/or workers' compensation retaliation and/or whistle-blowing for the past five years.

48. Documents reflecting Plaintiff's job titles, job duties, shift schedules, locations and job assignments.

49. Documents reflecting the hierarchy and/or chain of command relating to Plaintiff of Defendant employees including workers, supervisors, managers, presidents, vice-presidents, officers, owners and human resource personnel.

50. Copies of any posters or notices regarding Defendant's employment practices and/or procedures related to workers' compensation, discrimination and/or retaliation and/or whistle-blowing at Plaintiff's workplace for the past five years.

51.   Job listings and postings for the last 5 years.

52.   Job descriptions for the last 5 years

## PART 2

The following documents for the last three years:

1.   Income/tax returns, and related documents.

2.   W-2 statements.

3.   Income statements and/or documents stating income.

4.   Documents relating to any interest in various business arrangements such as sole proprietorships, partnerships and joint ventures.

5.   Profit and loss statements.

6.   Financial statements and reports.

7.   Balance sheets and reports.

8.   Documents  containing descriptions/identifying all assets and liabilities.

9.   Documents relating to income, cash flow, expenses, anticipated income, anticipated diminution of income, anticipated casualties, documents relating to filings of financial and/or income information as required by the FCC, SEC or any other governmental or regulatory agency including 10-K, §13, §15.

10.   Annual reports including certified and/or audited.

11.   Documents relating to gross/net monthly and/or yearly gross/net income from all sources, including business, rental, interest dividends, income and donations, from all sources, including, but not limited to, partnerships, corporations and/or independent contracts.

12.   Documents identifying stocks, bonds, notes, mortgages, or other negotiable interests payable to Defendant(s) alone or jointly with others.

13.   Documents indicating net and gross sales, revenue.

14.   Net worth statements.

15.     Documents including passbooks, statements relating to all savings accounts, bank accounts and/or checking accounts, depositories owned by the Defendant(s) solely, or jointly as partner or joint-adventurer, in any business enterprise.

16.     Deeds to all real property owned by the Defendant(s) solely, or jointly as partner or joint-adventurer, in any business enterprise and documents relating to ownership of property (real and personal).

17.     Stock certificates or other evidence of ownership of stocks and bonds owned by the Defendant(s) solely, including copies of any stock brokerage accounts.

18.     The accounts receivable ledger or other record which sets forth the names and addresses of all persons or business enterprises that are indebted to the Defendant(s), and the amount of the indebtedness.

19.     The title certificates, registration certificates, bills of sale, and other evidence of ownership possessed by the Defendant(s) with respect to any of the following described personal property:

   (a)     Motor vehicles of any type;
   (b)     Commercial, business, or construction equipment of any type;
   (c)     Boats, launches, cruisers and other vessels of any type;
   (d)     Inventory of any stock of goods or equipment of any type.

20.     Records pertaining to the transfer of any money or property interest or financial interests made by the Defendant(s).

21.     Pension and profit-sharing plans maintained by the Defendant(s).

22.     Records pertaining to any life insurance or annuity policies for any stockholder, officer, director, or key employee, or any family member of any such person for which the Defendant(s) pays the premiums.

23.     Lawsuits in which Defendant(s) is listed as a party or which Defendant(s) has any type of interest that could effect its net worth including receiverships.

24.     Documents indicating any mergers involving Defendant(s).

25.     Documents identifying subsidiaries, divisions and/or agents of Defendant(s).

26.    Investment income/losses of Defendant(s).

27.    Loans and/or loan applications of Defendant(s).

28.    Reports of independent accountants.

29.    Leases of Defendant(s).

30.    The annual report(s) for Defendant(s).

31.    The SEC 10 K forms for Defendant(s).

32.    Net worth statements not otherwise contained in the above requests.

33.    Profit and loss statements not otherwise contained in the above requests.

34.    Financial  statements not otherwise contained in the above requests.

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.:

SAMANTHA T. DECENZO,

     Plaintiff,

v.

09037570

HILLSTONE RESTAURANT GROUP, INC.
d/b/a HOUSTON'S, a foreign corporation,

     Defendant.

_____/

### NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT

    The Plaintiff, by and through the undersigned counsel, pursuant to Fla.R.Civ.P. 1.340, hereby serves the attached Interrogatories with the Complaint by service of process on Defendant, and requests same to be answered separately and fully in writing under oath, within 45 days from service of the Complaint.

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served with the Complaint on Defendant.

              WILLIAM M. JULIEN, P.A.
              Attorney for Plaintiff
              The Milan - Suite 550
              1675 N. Military Trail
              Boca Raton, FL 33486
              Tel: (561) 995-9990
              Fax:(561) 995-8103
              BY: _____
                   WILLIAM M. JULIEN
                   Florida Bar No.: 0003743

## INTERROGATORIES TO DEFENDANTS

1.  What is the name and address of the person answering these interrogatories, and if other than the party to which they are directed, the proper legal name and address of that party, and your official title and position?

2.  Please state whether or not the proper Defendant has been sued, and whether it has been sued in its name and entity.  If not, please provide the correct technical name of the Defendant and the official entity.

3.  Please state whether Plaintiff was employed by Defendant and, if applicable, the names of any other entities you claim were Plaintiff's employers.

4.    Please state whether there are any other persons or entities which may be liable for the damages as alleged in the Complaint.  Please state the basis for this liability.

5.    Describe any and all policies of insurance which Defendant contends covers or may cover it for the allegations set forth in Plaintiff's Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

6.    List the names and addresses of all persons who are believed or known by Defendant, its agents or attorneys, to have any knowledge concerning any of the issues in this lawsuit and specify the subject matter about which the witness has knowledge.

7.    Has Defendant heard of or know about any statement or remark made by or on behalf of any party to this lawsuit, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of these statements.

8.    Please state all actions and investigations taken in response to Plaintiff's complaints or requests for accommodations.  Please include the names and titles of the persons involved, as well as the dates of such actions, investigations and/or discussions.

9.    Please state if Defendant has ever been a defendant in a lawsuit in the last five years relating to any claims of handicap/disability or FMLA discrimination/retaliation, workers' compensation retaliation, and if so, state the nature of the action and the date and court in which such action was filed and case number.

10. Please state all actions and investigations taken, if any, by Defendant to determine what reasonable accommodations could be afforded to Plaintiff. Please state the names and titles of the persons making these determinations, the dates these determinations were made, and the manner in which Plaintiff was advised of what reasonable accommodations, if any, could be made.

11. Please identify all persons involved in any manner in this case with any Florida Commission on Human Relations, EEOC investigation, and provide the names, address and nature of involvement as well as dates of any conversations/meetings with same.

12. Please state in great detail the circumstances surrounding Plaintiff's termination. Please provide the names, address and position of all persons who had knowledge of and/or participated in, Plaintiff's attempting to work within his/her restrictions.

13. Please state whether Defendant has ever reprimanded, disciplined, terminated an employee for requesting a reasonable accommodation or being injured within the last five years.

14.   Please provide a list of all employees who filed workers' comp. claims for the last five years.  Please indicate current work status of each.

15.   Please state any policies related to injured or disabled workers, attempt to return to work, and/or light-duty policies.

16.   Please describe in great detail the business relationship between Defendant, and any other Hillstone or Houston's entities.

A. Please state the principle place of business for each entity.

B. Please describe each entity's   involvement in developing, disseminating, implementing and enforcing employee policies and procedures as relates to Party Line employees during Plaintiff's employment.

C. Please provide the name and address of the registered agent for each.

17.   Please state the corporate entities which you claim were Plaintiff's employers and which of the above listed corporate entities had involvement in employment matters such as policies and procedures as relate to Plaintiff's employment and what that involvement was/is.

HILLSTONE RESTAURANT GROUP, INC.

By: _____

Title: _____

STATE OF _____

COUNTY OF _____

    The foregoing instrument was acknowledged before me this _____ day of _____ 2009, by, who is personally known to me or who has produced _____ _____ as identification and who did/did not take an oath.


                                    _____
                                      NOTARY PUBLIC

(SEAL)

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.:

SAMANTHA T. DECENZO,

     Plaintiff,

v.

HILLSTONE RESTAURANT GROUP, INC.
d/b/a HOUSTON'S, a foreign corporation,

     Defendant.

_____/

09 0 3 7 5 7 0

**13**

JUL 07 2009

## NOTICE OF TAKING VIDEO DEPOSITIONS

TO:   DEFENDANT

     PLEASE TAKE NOTICE that the undersigned attorneys will take the depositions of the following named individuals on the date and at the time and place indicated below:

| NAME: | DATE/TIME: | PLACE: |
| --- | --- | --- |
| ANDREW SLATKEN | Tuesday, August 18, 2009 at 1:00 p.m. | US Legal Support 515 East Las Olas Blvd. Suite 300 Ft. Lauderdale, FL 33301 |
| Pursuant to Fla.R.Civ.P., 1.310(b)(6) Corporate Representative with the most knowledge regarding the Plaintiff and the allegations in this case (Plaintiff's employment, disabilities) | Tuesday, August 18, 2009 at 3:00 p.m. | Same as above |
| Pursuant to Fla.R.Civ.P., 1.310(b)(6) Corporate Representative | Tuesday, August 18, 2009 at 4:00 p.m. | Same as above |

with the most knowledge
regarding Defendant's
policies/procedures as relates
to workers' compensation
injuries/claims or disability
accommodations/claims

The depositions will be videotaped. The name and address of the operator is William

M. Julien, P.A., The Milan, Suite 550, 1675 N. Military Trail, Boca Raton, Florida 33486.

The deposition(s) will be taken upon oral examination, before Esquire Deposition

Services  or any officer duly authorized to administer oaths by the laws of the State of

Florida, and a person who is neither a relative nor employee of such attorney or counsel, and

who is not financially interested in the action, for discovery or use at trial. The depositions

will continue from day to day until completed. The deposition(s) will be taken pursuant to

Fla.R.Civ.P for the purpose of discovery, for use at trial, or both of the foregoing, or for such

other purposes as are permitted under the applicable and governing rules

### CERTIFICATE OF SERVICE

The undersigned certify that a copy of the foregoing has been furnished to the above-

named Defendant at the time of serving the Complaint.

William M. Julien, P.A
Attorney for Plaintiff
The Milan - Suite 550
1675 N. Military Trail
Boca Raton, Florida 33486
Telephone: (561) 995-9990
Facsimile:  (561) 995-8103

BY:_____
WILLIAM M. JULIEN
Florida Bar No.: 0003743

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.:

SAMANTHA T. DECENZO,

     Plaintiff,

v.

HILLSTONE RESTAURANT GROUP, INC.
d/b/a HOUSTON'S, a foreign corporation,

     Defendant.

_____/

**CIVIL COVER SHEET**

TYPE OF CASE:  Place an x in one box only.  If the case fits more than one type of case, select the most definitive.

| DOMESTIC RELATIONS | TORTS | OTHER CIVIL |
|---|---|---|
| ____ Simplified Dissolution | ___ Professional Malpractice | ____ Contracts |
| ____ Dissolution | ____ Products Liability | ____ Condominium |
| ____ Support - IV-D | ____ Auto Negligence | ___ Real Property |
| ____ Support - Non IV-D | ____ Other Negligence | ____ Mortgage Foreclosure |
| ____ URESA - IV-D | | ____ Eminent Domain |
| ____ URESA - Non IV-D | | _X_ Other |
| ___ Domestic Violence | | |
| ___ Other Domestic Violence | | |

Is Jury Trial Demanded in Complaint?
 _x_ Yes
 ___ No

Date: July   , 2009

WILLIAM M. JULIEN, P.A.
The Milan • Suite 556
1675 North Military Trail
Boca Raton, FL 33486
Telephone: 561-995-9990
Fax: 561-995-8103

By: _____
WILLIAM M. JULIEN
Florida Bar No. 0003743

FROM: Barbara Hales (954)473-5503
CT - Plantation SOP Team
1200 South Pine Island Road

Plantation, FL 33324

TO:   **Richard T. Fulton (404)881-7152**
      **Alston & Bird LLP**
      **1201 West Peachtree Street**
      **One Atlantic Center**
      **Atlanta, GA 30309**
Ref: SOP/0402900/515122878/Barbara Hales

FedEx Revenue Barcode

CAD#: 8278106
SHIP DATE: 10JUL09
WEIGHT: 1 LB

DELIVERY ADDRESS (FedEx-EDR)          ** 2DAY **

TRK #  7921 5574 6489      FORM
                           0201

30309   -GA-US

ATL

# SE QFEA

TUE
A1
Deliver by:
14JUL09

CLS0920090515



SKIP FULTON
Location:
OAC-3810

Sender:
CT PLANTATION

07/14/09 10:39          1 of 1

 **CT Corporation**

**Service of Process Transmittal**
07/10/2009
CT Log Number 515122878

**TO:**   Richard T. Fulton, Partner
Alston & Bird LLP
1201 West Peachtree Street, One Atlantic Center
Atlanta, GA 30309-3424

**RE:**   **Process Served in Florida**

**FOR:**   Hillstone Restaurant Group, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Samantha T. Decenzo, Pltf. vs. Hillstone Restaurant Group, Inc., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice(s), Interrogatories, Request for Production, Exhibits, Cover sheet |
| **COURT/AGENCY:** | Broward County Circuit Court, FL<br>Case # 09037570 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - On the basis of disability - 04/17/07 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/10/2009 at 12:25 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service - Written Defenses // Within 45 days - Production, Interrogatories |
| **ATTORNEY(S) / SENDER(S):** | William M. Julien<br>William M. Julien, P.A.<br>The Milan - Ste. 550<br>1675 N. Military Trail<br>Boca Raton, FL 33486<br>561-995-9990 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 792155746489<br>Email Notification, Richard T. Fulton skip.fulton@alston.com<br>Email Notification, Karen Butler karen.butler@alston.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>Donna Moch<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>954-473-5503 |

Page 1 of  1 / BH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

3613

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.:

SAMANTHA T. DECENZO,

09 037570

    Plaintiff,

v.

HILLSTONE RESTAURANT GROUP, INC.
d/b/a HOUSTON'S, a foreign corporation,

    Defendant.

_____/

**SERVED**
Date 7-10-09  Time 12:28
Printed Name & Number  TC. SALS #1
13

Is A Sheriff Appointed Process Server In Good Standing
In Broward Co.

**SUMMONS**

THE STATE OF FLORIDA
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons, a copy of the Complaint, Notice of Taking Video Depositions, Interrogatories, Request for Production in this action on Defendant Hillstone Restaurant Group, Inc.:

**CT Corporation System**
**1200 S. Pine Island Road**
**Plantation, FL 33324**

Each Defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, whose address is:

**WILLIAM M. JULIEN, P.A.**
**The Milan - Suite 550**
**1675 N. Military Trail**
**Boca Raton, Florida 33486**
**Telephone: 561-995-9990**
**Fax: 561-995-8103**

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.
DATED on _____, 2009.

JUL 07 2009

**HOWARD C. FORMAN**

As Clerk of the Court
ANGEL HARRIS
By:_____
As Deputy Clerk

(Court Seal)

**A TRUE COPY**
Circuit Court Seal

**IMPORTANT**

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of this Court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to cal an attorney right away.  If you do not known an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE**

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANT**

Des poursuites judiciares ont ete entreprises contrevous.  Voous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessuset du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relairequis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)  **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

SAMANTHA T. DECENZO

**DEFENDANTS**

HILLSTONE RESTAURANT GROUP, INC., d/b/a HOUSTON'S

**(b)** County of Residence of First Listed Plaintiff  Broward County, Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Fulton County, Georgia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

William M. Julien, Esquire
1675 North Military Trail, Suite 550
Boca Raton, FL 33486

Attorneys (If Known)

Cheryl L. Wilke - Hinshaw & Culbertson LLP
One East Broward Blvd., Suite 1010, Fort Lauderdale, FL 33301

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☑ 3  Federal Question
(U.S. Government Not a Party)

☑ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☑ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S)

(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO     b) Related Cases ☐ YES ☑ NO

JUDGE                              DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Diversity of Parties 28 USC 1332

LENGTH OF TRIAL via  5  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
$75,000.00 plus fees, costs and punitives

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☑ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE

July 29, 2009

FOR OFFICE USE ONLY

AMOUNT  350.00   RECEIPT #  547016   IFP